UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FAMILY REHABILITATION, INC., d/b/a FAMILY CARE TEXAS, d/b/a ANGELS CARE HOME HEALTH, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:17-CV-3008-K |
| ALEX M. AZAR, II, SECRETARY of the UNITED STATES DEPARTMENT of HEALTH and HUMAN SERVICES; and SEEMA VERMA, ADMINISTRATOR for the CENTERS for MEDICARE and MEDICAID SERVICES, | § § § § § § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Family Rehabilitation, Inc.'s Motion for Temporary Restraining Order and Preliminary Injunction (Doc. No. 34) seeking to enjoin Defendant Alex M. Azar, II, Secretary of the United States Department of Health and Human Services, and Seema Verma, Administrator for the Centers for Medicare and Medicaid Services (collectively "Defendants"). A billing dispute between the parties is currently on appeal to an administrative law judge ("ALJ") to determine whether Defendants overpaid Plaintiffs for services provided to Medicare patients. The Centers for Medicare and Medicaid Services ("CMS") has already begun recouping $7,622,122.31 in alleged overpayments before a hearing and

1

determination by an ALJ. Plaintiff Family Rehabilitation, Inc., ("Family Rehab") alleges that before the appeals process can be completed this recoupment will bankrupt the company and cause it to go out of business. After carefully reviewing the motion and the applicable law, the Court **GRANTS** the motion for temporary restraining order and **ENJOINS** Defendants from withholding, recouping, offsetting, or otherwise failing to pay Family Rehab any current Medicare receivables.

I. Background

Family Rehab is a home health agency that provides medical services to patients in their homes, assisted living facilities, and retirement communities. CMS reimburses Family Rehab for medical services it provided to Medicare and Medicaid beneficiaries. Family Rehab receives most of its income from Medicare.

CMS reimbursements go through a post-payment review process by a third-party contractor to identify and investigate cases of suspected fraud. Family Rehab was subject to a post-payment review in October 2016, resulting in the post-payment review contractor determining Medicare overpaid Family Rehab for services. On January 27, 2017, the Medicare Administrative Contractor ("MAC") assigned to Family Rehab issued an overpayment demand letter for over $7.5 million on behalf of CMS. Family Rehab timely appealed the MAC's overpayment determination. Following the statutorily prescribed process, Family Rehab has completed the first two steps of the appeals process, seeking review of the MAC's overpayment determination from within the Medicare system. At these first two steps in the

appeals process, Family Rehab's appeal was denied. On October 24, 2017, Family Rehab took the third step in the appeals process by requesting a hearing before an ALJ for a ruling on the overpayment determination, but the hearing did not take place within the statutorily prescribed 90 days. Family Rehab alleges in tis motion that a hearing likely will not take place for three to five years. This proceeding before the ALJ would be the first opportunity for Family Rehab to present its argument before a neutral party.

Although the proceeding before and ruling by an ALJ has not occurred, CMS nevertheless began withholding Medicare reimbursements from Family Rehab to recoup the $7,622,122.31 in alleged overpayments. As a result of this financial impact, Family Rehab has laid off 39 employees, almost 89% of its former staff. Family Rehab now provides home healthcare services to only eight of its previous 289 patients. Family Rehab contends it will be forced to file bankruptcy and to permanently close its doors if CMS continues to withhold Medicare reimbursements to recoup the alleged overpayments before an ALJ can hear the case.

On October 31, 2017, Family Rehab initially filed its complaint and initial emergency motion for temporary restraining order. The Court reluctantly dismissed the initial temporary restraining order for lack of jurisdiction based on its understanding of binding Fifth Circuit case law and prior decisions from this Court. Family Rehab appealed to the Fifth Circuit. In reversing this Court's decision, the Fifth Circuit noted "these [collateral-claim exception] requirements have led to

disharmony among our district courts" and took the opportunity to clarify the relevant case law. *Family Rehab., Inc. v. Azar*, 886 F.3d 496, 502 (5th Cir. 2018). On remand, Family Rehab has now filed an amended motion for temporary restraining order.

## II. Legal Standard

A temporary restraining order is to preserve the status quo and prevent irreparable harm just so long as is necessary to hold a hearing, and no longer. *Granny Goose Foods, Inc. v. Bd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974). To be entitled to a temporary restraining order, a party must demonstrate it meets a four-prong test: (1) a substantial likelihood of success on the merits; (2) a substantial threat of immediate and irreparable harm for which it has no adequate remedy at law; (3) that greater injury will result from denying the temporary restraining order than if it is granted; and (4) that a temporary restraining order will not disserve the public interest. *Daniels Health Scis., LLC v. Vascular Health Scis., LLC*, 710 F.3d 579, 582 (5th Cir. 2013). "The decision to grant or deny a preliminary injunction is discretionary with the district court." *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985).

## III. Analysis

Family Rehab filed a motion for a temporary restraining order and a preliminary injunction before this Court to enjoin CMS from withholding the alleged overpayments until after the ALJ has heard the case. Without the requested relief,

Family Rehab argues it will go out of business before the ALJ even hears the case because Family Rehab relies heavily on the income from Medicare reimbursements.

As the Fifth Circuit has already determined, the Court has jurisdiction over Family Rehab's amended verified complaint under the collateral-claim exception. *See Matthews v. Eldridge*, 424 U.S. 319, 330–31 (1976); *see also Family Rehab.*, 886 F.3d at 501–04. In its Verified Amended Complaint, Family Rehab asserts a procedural due process claim and an *ultra vires* claim. Under 42 U.S.C. § 1395ff(d)(1)(A), Family Rehab is statutorily entitled to an ALJ hearing and decision with 90 days of its request. Defendants have failed to provide the required ALJ hearing to date and, according to Family Rehab, likely will not provide a hearing for three to five years, during which time Family Rehab contends it will go out of business if Defendants continue recouping the alleged overpayments.

### A. Substantial Likelihood of Success on the Merits

Family Rehab contends it is "likely, if not certain, to prevail" on its underlying procedural due process claim because the CMS's discretionary recoupment has begun without first providing Family Rehab the procedural due process mandated under the statute. Procedural due process protects against governmental deprivation of a liberty or property interest. *See Eldridge*, 424 U.S. at 332. Courts weigh three factors in determining whether the procedural due process provided is adequate:

> "First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal administrative burdens that the additional

5

or substitute procedural requirement would entail."

*Id*. at 335. Section 1395ff(d)(1)(A) mandates that an ALJ "shall conduct and conclude a hearing on a decision of a qualified independent contractor" and issue that decision "not later than the end of the 90-day period" from the date a request was made. Family Rehab has made a sufficient showing that Defendants have not complied with this process as set forth in the statute. Therefore, the Court finds Family Rehab demonstrated a substantial likelihood of success on the merits of at least its procedural due process claim.

B. **Irreparable Injury**

Family Rehab argues irreparable injury exists because continued recoupment will force Family Rehab to close its doors long before an ALJ hears its case and issue its decision. For a court to issue a temporary restraining order, there must be a substantial threat that irreparable harm will result if the emergency motion is not granted. *Clark,* 812 F.2d at 993. Here, CMS continues the process of over time recouping over $7.5 million in alleged overpayments without Family Rehab receiving the required hearing and decision on the MAC's overpayment determination. Having already laid off most of its employees and limiting home healthcare to only 8 of its previous 289 patients, Family rehab will be forced to permanently close its doors. Not only is it suffering a dramatic financial hardship currently, but Family Rehab will go out of business permanently, with its remaining employees losing their employment and patients losing their healthcare provider. The Court finds Family Rehab has

sufficiently established a substantial threat of immediate and irreparable harm for which there is no adequate remedy at law exists.

### C. Weighing the Balance of Injury to the Parties

The balance of harms in granting the temporary restraining order between Family Rehab and Defendants weighs in favor of granting the relief. Family Rehab will shutter its doors, employees will lose their employment, and patients will lose their home healthcare if the temporary restraining order is not granted. Whereas, Defendants will not suffer harm from granting the injunctive relief because they will have the opportunity to recoup any overpayments if the ALJ reaches a decision in their favor. The facts sufficiently support a finding that any harm to Defendants caused by enjoining the recoupment of alleged overpayments does not outweigh the harm faced by Family Rehab if the temporary restraining order is denied.

### D. Public Interest

The quality of healthcare service Family Rehab provides to patients is not at issue, only the reimbursements for those services. No public interest would be adversely affected by granting the temporary restraining order. If anything, the public would benefit from continued access to Family Rehab's home healthcare services.

### IV. Conclusion

Based on the foregoing, Family Rehab has demonstrated it is entitled to a temporary restraining order. As required by Rule 65(b)(1)(B), counsel for Family

Rehab has certified in writing efforts made to give notice to Defendants. FED. R. CIV. P. 65(b)(1)(B). The Court **GRANTS** Family Rehab's motion for temporary restraining order and **ORDERS** that CMS is <u>restrained and enjoined from withholding Medicare payments</u> to Family Rehab to effectuate the recoupment of any alleged overpayments. In its discretion, the Court waives the bond requirement for Family Rehab. *See Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996). This temporary restraining order shall expire fourteen (14) days after the date and hour of its issuance, unless otherwise extended by the Court. The Court will set a hearing for preliminary injunction in a separate order.

**SO ORDERED.**

Signed June 4th, 2018 at 2:55 p.m.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE