## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| Family Rehabilitation, Inc. d/b/a<br>Family Care Texas, d/b/a Angels Care<br>Home Health, | § <br>§ <br>§ <br>§ | |
| Plaintiff, | § <br>§ <br>§ | |
| v. | § <br>§ <br>§ | No. 3:17-CV-3008-K |
| Alex M. Azar, II, Secretary of the<br>United States Department of Health<br>and Human Services; and Seema<br>Verma, Administrator for the Centers<br>for Medicare & Medicaid Services, | § <br>§ <br>§ <br>§ <br>§ <br>§ | |
| Defendants. | § <br>§ | |

## **DEFENDANTS' MOTION FOR RECONSIDERATION**

Pursuant to Federal Rule of Civil Procedure 54(b), Defendants respectfully move this Court for reconsideration of the Court's October 30, 2018 order.

On October 11, 2018, Plaintiff moved this Court for a "clarification" that the June 28, 2018 preliminary injunction not only enjoined Defendants from continuing to recoup the challenged overpayments until Plaintiff received an ALJ hearing but also required Defendants to return funds to Plaintiff that were recouped prior to the Court's order.  October 11, 2018 Letter from Rebekah N Plowman, ECF No. 57. Under Local Rule 7.1e, Defendants believed they had until November 1, 2018, to respond.  However, on October 30, 2018, this Court granted Plaintiff's request for clarification and further required Defendants to return to Plaintiff previously

recouped funds.  ECF No. 60.  For the reasons stated below, Defendants respectfully request that this Court reconsider its October 30 Order.

## ARGUMENT

"Under Rule 54(b), the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (internal quotation marks omitted). There are good reasons for the Court's reconsideration.

First, Plaintiff's Complaint did not seek an injunction for CMS to return recouped funds.  Instead, Plaintiff's Amended Complaint, by its clear terms, sought an injunction preventing Defendants from "continuing" to recoup.   See Am. Compl. (ECF No. 27) ¶1 (characterizing action as one seeking to "prevent Defendants from continuing to recoup").  This Court's preliminary injunction order also reflects its understanding that Family Rehab sought to suspend the continued recoupment of Medicare payments until Plaintiff receives an ALJ hearing.  See Mem. Opinion and Order at 15 (characterizing Plaintiff's argument as asserting that "irreparable injury exists because *continued recoupment* will force Family Rehab to close its doors long before an ALJ hears its case and issues a decision) (emphasis added), ECF No. 52.  The precise terms of the Court's injunction are consistent: "Defendants are restrained and enjoined from withholding Medicare payments and receivables to Family Rehab to effectuate the recoupment of the alleged overpayments" until an

ALJ hearing is provided.  *Id.* at 19 (emphasis in original).  And, notwithstanding Plaintiff's suggestion to the contrary, ECF No. 57 at 1, CMS has ceased recoupment in compliance with the preliminary injunction; it has stopped withholding Medicare payments and receivables "to effectuate the recoupment of the alleged overpayments."  Mem. Opinion and Order at 19.

Second, this Court has no jurisdiction to order the return of funds already recouped by CMS.  The Fifth Circuit held that jurisdiction exists with respect to Plaintiff's procedural due process claim based on its determination that the claim was "collateral" to a substantive claim for Medicare payment.  *See Family Rehabilitation, Inc. v. Azar*, 886 F.3d 496, 504 (5th Cir. 2018).  In reaching this result, the Fifth Circuit noted that Family Rehab "seeks only the suspension of recoupment before a hearing" and "does not seek a determination that the recoupments are wrongful under the Medicare Act."  *Id.* at 503-04.  In contrast, Plaintiff now asks for the recovery of *all* funds recouped by the Secretary up until this point.  In doing so, Plaintiff is asking the Court to find that the Secretary's recoupment was improper, which the Fifth Circuit pointedly noted was not the nature of the relief Family Rehab was seeking.

As the Fifth Circuit explained, a claim is not collateral if the plaintiff seeks essentially the "substantive relief" of "Medicare payments."  *Family Rehab*, 886 F.3d at 503 (citing *Affiliated Professional Home Health Care Agency v. Shalala*, 164 F.3d 282 (5th Cir. 1999)).  This is what Plaintiff now effectively seeks here: direct

payment for the claims it has submitted to Medicare which are the subject of its current ALJ appeal.  For a claim to be collateral, however, it "must seek some form of relief that would be unavailable through the administrative process." *Family Rehab*, 886 F.3d at 502.  An injunction requiring the agency to make payments to Family Rehab from the Medicare Trust Fund provides the same administrative relief —Medicare payment for services — that Family Rehab would receive if its administrative appeal were successful.  Thus, it is not collateral.

Furthermore, by statute CMS is only permitted to make Medicare payments from the Medicare Trust Fund for services that have been found to be medically reasonable and necessary. *See* 42 U.S.C. § 1395y(a)(1)(A).  The two levels of administrative review so far determined that Family Rehab did not satisfy this standard with respect to the claims at issue in this case—i.e., claims that are subject to the overpayment determination.  Although Family Rehab has administratively appealed that determination, it has no statutory entitlement to a return of Medicare payments for these disputed claims, nor does this Court have jurisdiction to make its own independent finding of entitlement at this stage of the case.  Indeed, as the Fifth Circuit panel in *Family Rehab* noted, "if the court must examine the merits of the underlying dispute, delve into the statute and regulations, or make independent judgments as to plaintiffs' eligibility under a statute, the claim is not collateral." *Family Rehab*, 886 F.3d at 503.

In short, ordering that CMS make payments to Family Rehab for the very

4

work that is the subject of its present ALJ appeal is "inextricably intertwined" with a substantive claim for benefits and is not collateral.  *See Affiliated Professiona*l, 164 F.3d at 286.  As a result, the court lacks jurisdiction to order Defendants to make payments to Family Rehab.

Third, this Court's order requiring Defendants to return money already recouped constitutes a "mandatory" injunction, which require a heightened showing of a "clear entitlement" to relief.  *See Justin Industries, Inc. v. Choctaw Securities, L.P.*, 747 F. Supp. 1218, 1220 & n.5 (N.D. Tex. 1990); citing *Exhibitors Poster Exch. Inc. v. National Screen Serv. Corp.*, 441 F.2d 560, 561 (5th Cir. 1971) (per curiam). Indeed, in contrast with the relief requested in the Amended Complaint—which is a "prohibitory" injunction that prevents a party from taking some action in order to preserve the status quo, *see* Am. Compl. ¶ 12 ("Family Rehab simply requests that this Court maintain the status quo pending Family Rehab's receipt of an ALJ hearing and decision"), mandatory injunctions are "even less favored" because they require the performance of an affirmative act.  *Justin Industries, Inc.*, 747 F. Supp. at 1220 n.5.  The Court did not analyze Plaintiff's request for an injunction under this heightened standard, and if it were to do so, the Court should deny the requested injunction.  As already discussed above, Plaintiff cannot show that it has a clear entitlement to Medicare payment now.  Moreover, Plaintiff does not offer any competent evidence that it would suffer irreparable harm and be forced out of business if it does not receive a refund of money already recouped by the

Government prior to the Court's preliminary injunction.  As matters now stand, Family Rehab will be able to continue its operations until it receives an ALJ hearing, which was the Court's central concern underlying its preliminary injunction order.

In sum, Plaintiff's attempt to seek payment from CMS is unwarranted.  It was not the relief requested in the Amended Complaint, and the Court, in any event, lacks jurisdiction to order Medicare payment in the form of a refund because such an order is not collateral.  Moreover, a mandatory injunction is improper because Plaintiff does not have a "clear entitlement" to relief and would not suffer any irreparable harm absent the mandatory injunction given, among other things, the current suspension of recoupment. Accordingly, Defendants respectfully request that the Court reconsider its October 30 order and issue a further order clarifying that its June 28, 2018 preliminary injunction order is limited to enjoining Defendants from continued recoupment.

Dated: November 1, 2018

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

JEAN LIN
Acting Deputy Director

*/s/ Nicholas Cartier*
NICHOLAS CARTIER
Trial Attorney
Department of Justice
P.O. Box 883
Washington, D.C.  20044

6

Telephone: (202) 616-8351
E-mail: nicholas.cartier@usdoj.gov
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

On November 1, 2018, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ *Nicholas Cartier*
Nicholas Cartier
Trial Attorney